# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JAMES HENRY STEWART ) | |
| ) | Civil Action No. _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | *Jury Trial Demanded* |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, d/b/a AMTRAK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW, James Henry Stewart ("Mr. Stewart"), Plaintiff, by and through counsel, and files this action against the National Railroad Passenger Corporation, d/b/a Amtrak, ("Defendant" or "Amtrak"), for violations of Title II of the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act of 2008, 42 U.S.C. § 12131 *et seq*. ("ADA"), and also for relief under Georgia law for injuries caused by Defendant's negligence and breach of legal duty, respectfully showing the Court as follows:

## INTRODUCTION

1. This is an action under Title II of the ADA to correct Defendant's unlawful practices on the basis of disability and to provide appropriate relief to James Stewart, who was adversely affected by such practices. Mr. Stewart alleges Amtrak discriminated against Mr. Stewart, a qualified individual with a disability, in violation of the ADA when it failed to comply with a statutory mandate to make the Savannah, Georgia intercity rail station facility, for which it is responsible, readily accessible to and usable by Mr. Stewart.

Page 1 of 9
Stewart v. National Railroad Passenger Corporation d/b/a Amtrak
United States District Court for the Southern District of Georgia

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12133, which incorporates by reference 29 U.S. Code § 794a.

3. Personal jurisdiction and venue are appropriate pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

4. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same facts and circumstances as his ADA claim,.

## PARTIES

5. Plaintiff James Stewart, is currently a citizen and resident of Savannah, Chatham County, Georgia. Mr. Stewart previously resident in or near Charleston, South Carolina.

6. Mr. Stewart is, and all times relevant to this Complaint was, a qualified individual with a disability as that term is defined under 42 U.S.C. § 12102(1).

7. Defendant Amtrak, is a railroad and common carrier established pursuant to the laws of the United States, with its principal office being in the District of Columbia.

8. Amtrak maintains an office and place of doing business, passenger terminal, and employees in Savannah, Chatham County, Georgia and is subject to the jurisdiction of this Court.

9. Pursuant to 49 U.S.C. § 24301(b), Amtrak may be served with process by delivering a copy of the Complaint and summons via certified mail to Eleanor D. Acheson, Chief Legal Officer, General Counsel & Corporate Secretary, National Railroad Passenger Corporation, 60 Massachusetts Avenue, NE Washington, DC 20002.

Page 2 of 9
Stewart v. National Railroad Passenger Corporation d/b/a Amtrak
United States District Court for the Southern District of Georgia

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. On February 27, 2015, Mr. Stewart boarded an Amtrak train (No. 97) in Charleston, South Carolina, bound for Savannah, Georgia.

11. Upon the train's arrival at the Savannah station, Mr. Stewart attempted to disembark from the train.

12. The Savannah station platform is not accessible, as defined by the ADA.

13. The Savannah station does not have a lift to allow disabled passengers to safely disembark from the trains.

14. Two Amtrak employees attempted to assist Mr. Stewart as he disembarked by grabbing Mr. Stewart's arms.

15. As Mr. Stewart disembarked, one of the Amtrak employees released his grip and Mr. Stewart fell backwards.

16. Southside Fire/EMS responded to the 911 call and transported Mr. Stewart to Candler Hospital to receive further treatment for his injuries.

17. Mr. Stewart has required and received additional medical treatment for injuries which were caused by his fall on the Savannah station platform.

18. On a subsequent trip from Charleston to Savannah, Mr. Stewart heard the train's conductor announce over the train's public address system that the drop from the train to the platform at the Savannah station was the highest drop of any station in the Amtrak system.

### COUNT I – VIOLATION OF 42 U.S.C. § 12132
### (ADA DISCRIMINATION)

19. Plaintiff re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 18 as fully set forth above.

Page 3 of 9
Stewart v. National Railroad Passenger Corporation d/b/a Amtrak
United States District Court for the Southern District of Georgia

20. The ADA and its regulations impose a broad nondiscrimination mandate that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by a public entity.  42 U.S.C. § 12132; 28 C.F.R. § 35.130(a).

21. Amtrak is a public entity and, as the provider of intercity rail transportation, is subject to the ADA and its regulations.  *See* 42 U.S.C. § 12131(1)(C); 28 C.F.R. § 35.104.

22. The ADA and its regulations prohibit Amtrak from discriminating against individuals with disabilities when providing transportation services.  42 U.S.C. §§ 12161(3), 12162; 49 C.F.R. §§ 37.3, .5.

23. The ADA requires that all existing station facilities be made accessible no later than July 26, 2010.  42 U.S.C. § 12162(e)(2)(A)(ii)(l); 49 C.F.R. § 37.55.  The obligation to make existing station facilities accessible falls to the "responsible person" under the statute.  42 U.S.C. § 12162(e)(2)(A)(i).

24. Plaintiff at all times was a qualified individual with a disability who would fall within the scope and protection of the ADA and its ensuing regulations.

25. Amtrak is the responsible person for the station facilities at the Savannah, Georgia station.

26. Amtrak has been on notice of its failure to meet its obligation to be fully accessible to persons with disabilities by July 2010, in violation of the ADA, since at least 2013.

27. Amtrak is obligated to "maintain in operative condition those features of facilities and vehicles that are required to make the vehicles and facilities readily accessible to and usable by individuals with disabilities.  These features include, but are not limited to, lifts and other means of access to vehicles, and elevators…." 49 C.F.R. § 37.161(a).

Page 4 of 9
Stewart v. National Railroad Passenger Corporation d/b/a Amtrak
United States District Court for the Southern District of Georgia

28. Amtrak is obligated to ensure that its "personnel are trained to proficiency, as appropriate to their duties, so that they properly…assist and treat individuals with disabilities who use the service in a respectful and courteous way, with appropriate attention to the differences among individuals with disabilities." 49 C.F.R. § 37.173.

29. As of April 1, 2015, the Savannah station was not ADA compliant. *See* Amtrak, *Amtrak ASDP Program Statistics Period Ending March 31, 2015* (Apr. 1, 2015).

30. Station facilities include the station structure, the platform, and any parking facility. To date, Amtrak has failed to comply with this statutory mandate and is in violation of the ADA.

31. After more than two and a half decades of failed efforts to come into compliance, Amtrak's Office of Inspector General reported that the "[p]rogram continues to lack clear lines of accountability and authority, and a strategic plan." Amtrak Office of Inspector General. *Train Operations and Business Management: Addressing Management Weaknesses Is Key to Enhancing the Americans with Disabilities Program*. Audit Report OIG-A-2014-010. Aug. 4, 2014.

32. The Savannah station lacks a lift from the platform to the train.

33. Mr. Stewart is an elderly individual with obvious disabilities, included reduced mobility and difficulty ambulating.

34. Amtrak employees knew or should have known that Mr. Stewart was not capable of safely disembarking the train at the Savannah station without accommodation or assistance.

35. Amtrak failed to train its employees to assist and treat Mr. Stewart with appropriate attention to his disability.

36. Mr. Stewart, a passenger with a disability, was harmed by Amtrak's inaccessible station.

Page 5 of 9
Stewart v. National Railroad Passenger Corporation d/b/a Amtrak
United States District Court for the Southern District of Georgia

37. Had Mr. Stewart been assisted by Amtrak personnel, or had Amtrak made the Savannah station ADA compliant, Mr. Stewart would not have fallen and would not have been injured.

38. As a direct and proximate result of Amtrak's violations of the ADA, Mr. Stewart suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money, all in an amount to be established at trial. The losses are either permanent or continuing and Mr. Stewart will suffer the losses in the future.

## COUNT II – COMMON LAW NEGLIGENCE
### (ASSERTED UNDER GEORGIA LAW)

39. Plaintiff re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 38 as fully set forth above.

40. At all times herein mentioned, Amtrak, by and through its employees, had a duty, created by the ADA, to provide Mr. Stewart with reasonably safe accommodations and reasonable assistance so as to allow him to safely disembark from the train at the Savannah station.

41. Amtrak breached its duty when it failed to inform Mr. Stewart that he had the right to ask Amtrak employees to assist him in disembarking from the train based upon his disabilities regarding ambulation, standing, walking, balance and the like, when it failed to inform Mr. Stewart as to how to summon or attract the attention of an Amtrak employee to so assist the Plaintiff in disembarking and when it failed to provide a lift for disabled passengers to reach the platform at the Savannah station.

42. Amtrak also breached its duty, by and through its employees, when it failed to take reasonable steps to determine if passengers with disabilities, including the Mr. Stewart, needed assistance during the trip, when it failed to provide reasonable assistance to Mr. Stewart in disembarking

Page 6 of 9
Stewart v. National Railroad Passenger Corporation d/b/a Amtrak
United States District Court for the Southern District of Georgia

the train in accordance with the accessibility requirements of the ADA, and in other ways which will be established through the evidence at trial.

43. Finally, Amtrak breached its duty when it failed to follow, carry out, or implement its written policies and handbook requiring Amtrak employees to inform disabled and handicapped passengers, including Mr. Stewart, that Amtrak employees would provide assistance in disembarking from the train, when it failed to follow said rules and regulations in regard to periodically walking through the car to check on disabled passengers and offer them assistance, and through violating said rules, policies and regulations in failing to actually provide such assistance.

44. Amtrak's failures created a dangerous and unsafe environment at the Savannah station wherein it was reasonably foreseeable that injuries such as those sustained by Mr. Stewart would occur.

45. As a direct and proximate result of Amtrak's negligence, Mr. Stewart suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money, all in an amount to be established at trial. The losses are either permanent or continuing and Mr. Stewart will suffer the losses in the future.

### COUNT III – TORTIOUS BREACH OF LEGAL DUTY
### (O.C.G.A. § 51-1-6)

46. Plaintiff re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 45 as fully set forth above.

47. Amtrak has a duty to comply O.C.G.A. § 30-3-1, *et seq*. to "eliminate, insofar as possible, unnecessary physical barriers encountered by persons with disabilities or elderly persons whose ability to participate in the social and economic life of this state is needlessly restricted

Page 7 of 9
Stewart v. National Railroad Passenger Corporation d/b/a Amtrak
United States District Court for the Southern District of Georgia

when such persons cannot readily use government buildings, public buildings, and facilities used by the public."

48. Amtrak breached this duty when it failed to implement accessibility requirements mandated by the ADA and designed for the protection of persons such as Mr. Stewart.

49. As a direct and proximate result of Amtrak's breach, Mr. Stewart suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money, all in an amount to be established at trial. The losses are either permanent or continuing and Mr. Stewart will suffer the losses in the future.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Stewart requests that this Court award the following relief:

A. Allow Plaintiff a TRIAL BY JURY;

B. Make the Savannah station facilities compliant with the ADA and its implementing regulations, including independent monitoring and verification of all accessibility changes.

C. Order Amtrak to educate employees on the requirements of the ADA and its regulations;

D. Order Amtrak to train all personnel to operate vehicles and equipment safely and to properly assist individuals with disabilities in a respectful and courteous way, and hold those personnel failing to do so accountable.

E. Order Amtrak to pay compensatory damages to Mr. Stewart in an appropriate amount for injuries caused by Amtrak's failure to comply with the ADA and its regulations.

F. Order Amtrak to institute and carry out additional policies, practices, and customs that eradicate violations of the Americans with Disabilities Act.

Page 8 of 9
Stewart v. National Railroad Passenger Corporation d/b/a Amtrak
United States District Court for the Southern District of Georgia

G. Grant judgment to Plaintiff against Defendant in the amount of actual damages proved, including pain and suffering;

H. Grant judgment to Plaintiff against Defendant for punitive damages and the expenses of litigation, including reasonable attorney's fees; and

I. Award Plaintiff any other appropriate and necessary relief.

RESPECTUFLLY SUBMITTED, this 24th day of February, 2017.

                        DUFFY & FEEMSTER, LLC

                        /s/ *Cameron C. Kuhlman*
                        DWIGHT T. FEEMSTER
                        Georgia Bar Number: 257259
                        CAMERON C. KUHLMAN
                        Georgia Bar Number: 596159
                        *Attorneys for Plaintiff*

236 East Oglethorpe Avenue
Savannah, Georgia 31401
(912) 236-6311 Telephone
(912) 236-6423 Facsimile
dwight@duffyfeemster.com
cck@duffyfeemster.com

Page 9 of 9
Stewart v. National Railroad Passenger Corporation d/b/a Amtrak
United States District Court for the Southern District of Georgia